IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| JOHN W. ALLEN | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-1476-D |
| | § | |
| JOHN E. POTTER, Postmaster | § | |
| General, U.S. Postal Service | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM ORDER**

Plaintiff John W. Allen has filed a motion for appointment of counsel in this race, age, and disability discrimination case brought against his former employer, the U.S. Postal Service. There is no automatic right to the appointment of counsel in an employment discrimination suit. *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977). Rather, the decision is left to the sound discretion of the trial court. In determining whether to appoint counsel for an indigent plaintiff, the court must consider: (1) the merits of the claim; (2) efforts taken to obtain a lawyer; and (3) the financial ability of plaintiff to retain counsel. *See Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990); *Caston*, 556 F.2d at 1309. No single factor is conclusive. *Gonzalez*, 907 F.2d at 580.

Prior to filing suit, plaintiff filed a charge of discrimination with the EEOC. However, it is not clear if the agency ever determined whether plaintiff has a meritorious claim or even investigated the charge. Nor has plaintiff alleged sufficient facts in his complaint and interrogatory answers to enable the court to assess the merits of his claim. Moreover, plaintiff has not detailed his efforts to

obtain counsel. Although plaintiff may lack the financial resources to hire a lawyer, that factor alone does not warrant the appointment of counsel.

For these reasons, plaintiff's motion for appointment of counsel [Doc. #3] is denied without prejudice. Plaintiff may reurge his motion if this case survives dismissal after dispositive motions are decided.

SO ORDERED.

DATED: September 19, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE