IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOHN W. ALLEN, §
§
    Plaintiff, §
§
VS. § NO. 3-08-CV-1476-D
§
JOHN E. POTTER, Postmaster §
General of the United States §
§
    Defendant. §

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant has filed a motion to dismiss this *pro se* race, age, and disability discrimination case for lack of subject matter jurisdiction. For the reasons stated herein, the motion should be granted.

I.

Plaintiff John W. Allen, an African-American, was employed by the United States Postal Service ("USPS") as a mail handler. Effective May 4, 2007, plaintiff was terminated from his employment due to an unsatisfactory attendance record. Plaintiff appealed his termination to the Merit System Protection Board ("MSPB") on May 9, 2007. Following a hearing before an administrative judge, the agency action was upheld. *Allen v. United States Postal Service*, Dkt. No. DA-0752-07-0365-I-1 (Aug. 15, 2007). Plaintiff then sought review before the full Board. His petition for review was denied on December 5, 2007. Dissatisfied with the outcome of this administrative proceeding, plaintiff appealed to the United States Court of Appeals for the Federal Circuit. The court affirmed the agency decision. *Allen v. United States Postal Service*, 287

Fed.Appx. 872, 2008 WL 2718263 (Fed. Cir. Jul. 14, 2008), *cert. denied*, 2008 WL 5046494, 77 USLW 3325 (U.S. Dec. 1, 2008) (No. 08-6873).

On December 11, 2007, one week after the MSPB denied his petition for review, plaintiff contacted an Equal Employment Opportunity ("EEO") counselor to complain that he had been discriminated against by the USPS. In a formal EEO complaint filed on February 2, 2008, plaintiff alleged that his excessive absences, which resulted in his termination, were due to physical and mental disabilities, and that younger employees and employees of other races were treated more favorably in similar situations. (*See* Mag. J. Interrog. #2, Attch.). An EEO officer dismissed the complaint on procedural grounds because plaintiff previously challenged his termination before the MSPB. (*Id.*). Although plaintiff appealed that decision to the Equal Employment Opportunity Commission ("EEOC"), the appeal was terminated after plaintiff filed this action against the USPS in federal district court on August 21, 2008.

Defendant now moves to dismiss this case for lack of subject matter jurisdiction. As grounds for its motion, defendant contends that plaintiff waived his discrimination claims by failing to raise the issue of discrimination in his MSPB appeal. Alternatively, defendant argues that plaintiff failed to exhaust his administrative remedies by not contacting an EEO counselor within the time required by agency regulations. Plaintiff has filed a written response to the motion and this matter is ripe for determination.[1]

II.

The MSPB is an administrative agency that has jurisdiction over specific "adverse employment actions" affecting federal employees, including terminations. *See London v. Potter*, No.

---

[1] Although defendant has not yet filed a reply, it is clear from the motion and response that plaintiff is precluded from litigating his discrimination claims in federal court. The court therefore decides the motion without a reply.

6-05-CV-161, 2007 WL 1655325 (E.D. Tex. Jun. 7, 2007), *citing* 5 U.S.C. § 7512. When a federal employee alleges that discrimination was a component of an adverse personnel action, he may file either a "mixed case complaint" with the agency's EEO office or a "mixed case appeal" to the MSPB, but the employee cannot avail himself of both remedies. *See Casimier v. United States Postal Service*, 142 Fed.Appx. 201, 204, 2005 WL 1553997 at *2 (5th Cir. Jul. 1, 2005). "[I]f an employee believes that discrimination is a component of an adverse personnel action, the issue of discrimination must be raised from the outset irrespective of whether the employee elects to file with his agency's EEO or the MSPB." *Id.*, 2005 WL 1553997 at *2. A federal employee may obtain a *de novo* review of an MSPB decision in a "mixed case appeal" by filing a civil action in federal district court. *See Harms v. I.R.S.*, 321 F.3d 1001, 1005 (10th Cir.), *cert. denied*, 124 S.Ct. 159 (2003), *citing* 29 C.F.R. § 1614.310(b). However, if the employee elects to proceed before the MSPB and does not raise a discrimination claim in that forum, he waives the right to challenge the adverse personnel action based on discrimination. *Casimier*, 2005 WL 1553997 at *2.

A federal employee who elects to file a "mixed case complaint" with the agency's EEO office must contact an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." *See* 29 C.F.R. § 1614.105(a)(1). Strict adherence to this requirement "is the best guarantee of evenhanded administration of the law." *Gentile v. Potter*, 509 F.Supp.2d 221, 233 (E.D.N.Y. 2007), *quoting Nat'l R.R. Passenger Corp.*, 536 U.S. 101, 108, 122 S.Ct. 2061, 2070, 153 L.Ed.2d 106 (2002). Absent waiver, estoppel, or equitable tolling, the failure to timely initiate contact with an EEO counselor will bar subsequent review of a discrimination claim in federal court. *See Pacheco v. Rice*, 966 F.2d 904, 905 (5th Cir. 1992).

In this case, plaintiff elected to challenge his termination before the MSPB, but failed to raise the issue of discrimination in that forum. Although plaintiff now contends that he testified about discrimination issues at the initial administrative hearing, (*see* Plf. Resp. at 1), the Federal Circuit rejected the same argument in affirming the MSPB decision. *Allen*, 2008 WL 2718263 at *2 ("We agree with the agency that Allen does not appear to have raised a discrimination claim before the AJ."). Even if plaintiff did not waive his discrimination claim by filing an MSBP appeal, he failed to initiate contact with an EEO counselor in a timely manner. The record shows that plaintiff was terminated effective May 4, 2007. Yet he did not contact an EEO counselor until December 11, 2007--222 days later. Plaintiff fails to allege, much less prove, any basis for tolling the 45-day time limit for initiating contact with an EEO counselor. Consequently, this action must be dismissed.

## RECOMMENDATION

Defendant's motion to dismiss for lack of subject matter jurisdiction [Doc. #16] should be granted. This case should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 6, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE